<u>NOT FOR PUBLICATION</u>

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW JERSEY

# CAMDEN VICINAGE

| | |
|---|---|
| SALVATORE D'ANNA, | **MEMORANDUM AND ORDER** |
| Plaintiff, | Civil Action No. 08-1119 (RMB) |
| v. | Docket Entry No. 20 |
| NOVARTIS PHARMACEUTICALS CORP., et al., | |
| Defendants. | |

| | |
|---|---|
| JOHN W. CUMMINGS, et al., | |
| Plaintiffs, | Civil Action No. 09-0651 (RMB) |
| v. | Docket Entry No. 9 |
| NOVARTIS PHARMACEUTICALS CORP., et al., | |
| Defendants. | |

| | |
|---|---|
| DANA SIMI-WILSON, et al., | |
| Plaintiffs, | Civil Action No. 08-4675 (RMB) |
| v. | Docket Entry No. 17 |
| NOVARTIS PHARMACEUTICALS CORP., et al., | |
| Defendants. | |

```
                                   :
JOANNE KELLEY-HODGES, et al.,      :
                                   :
               Plaintiffs,         :    Civil Action No. 08-5740 (RMB)
                                   :
      v.                           :    Docket Entry No. 12
                                   :
NOVARTIS PHARMACEUTICALS           :
     CORP., et al.,                :
                                   :
               Defendants.         :
```

**BUMB**, UNITED STATES DISTRICT JUDGE:

    This matter comes before the COURT upon motions to remand the four above-captioned cases. Because the legal issues on which the motions will be decided are identical, the COURT addresses them in this one MEMORANDUM AND ORDER.

    These four lawsuits are among over 35 product-liability actions pending in courts across the country,[1] in which plaintiffs allege that the use of a prescription skin-care drug called Elidel caused them to develop cancer. The plaintiffs in the four cases herein considered (collectively, the "Plaintiffs") have brought suit against Novartis Pharmaceuticals Corporation and its affiliates (collectively, the "Defendants") pursuant to the New Jersey Products Liability Act, including a cause of action for punitive damages. N.J.S.A. § 2A:58C-1 et seq. Specifically, Plaintiffs allege that Defendants failed to warn

---

[1] Twenty-two of these cases are pending in the District of New Jersey.

healthcare professionals and the public of the dangers of using Elidel; that Elidel did not conform to Defendants' representations of it as a safe and effective drug; and that, by deceiving the public, Defendants marketed and sold Elidel while knowing of its dangerous effects.

Plaintiffs filed these suits in state court and Defendants timely removed them to this COURT, asserting that a federal question established the COURT's subject-matter jurisdiction. The parties consented to a stay pending the Supreme Court's clarification of the federal preemption doctrine in <u>Wyeth v. Levine</u>, 129 S. Ct. 1187 (2009). That case was decided in March of this year, and accordingly the stay has lifted. Plaintiffs now move for remand.

## Discussion

### 1. Legal Standard

Federal courts are courts of limited jurisdiction, possessing only the power authorized by the Constitution and Congress. <u>Kokkonen v. Guardian Life Ins. Co.</u>, 511, U.S. 375, 377 (1994). A party may remove a state action to federal court only if the case could originally have been brought in that federal forum. 28 U.S.C. § 1441(a); 1446(a); <u>City of Chicago v. Int'l College of Surgeons</u>, 522 U.S. 156, 163 (1997). The facts supporting jurisdiction are evaluated "according to the plaintiffs' pleading at the time of the petition for removal,"

3

and the removing party carries the burden of establishing jurisdiction and the propriety of removal.  Int'l College of Surgeons, 522 U.S. at 163; Dukes v. U.S. Healthcare, Inc., 57 F.3d 350, 359 (3d Cir.), cert. denied, 516 U.S. 1009 (1995); Steel Valley Authority v. Union Switch & Signal Div., 809 F.2d 1006, 1011 (3d Cir. 1987), cert. dismissed sub. nom. 484 U.S. 1021 (1988); Abels v. State Farm Fire & Cas. Co., 770 F.2d 26, 29 (3d Cir. 1985).  The limited scope of federal jurisdiction demands that the removal statutes be strictly construed and, in close cases, doubts be resolved in favor of remand. Monmouth-Ocean Collection Service, Inc. v. Klor, 46 F. Supp. 2d 385, 387 (D.N.J. 1999).

In cases involving non-diverse parties, "removal is appropriate only if the case falls within the district court's original 'federal question' jurisdiction . . . ."  U.S. Express Lines, Ltd. v. Higgins, 281 F.3d 383, 389 (3d Cir. 2002). Section 1331 of title 28 of the United States Code provides district courts with original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  Under this provision, federal jurisdiction may exist even when the complaint does not plead a federal cause of action if

> a state-law claim necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state

judicial responsibilities.

Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing, 545 U.S. 308, 314 (2005).  In Grable, although the cause of action was a matter of state property law, the Supreme Court upheld federal jurisdiction "because the claim of title depended on the interpretation of the notice statute in the federal tax law."  Id. at 312.  The Court nonetheless recognized that "questions of jurisdiction over state-law claims require careful judgments about the nature of the federal interest at stake."  Id. at 317 (internal citations omitted).  A subsequent case, Empire Healthchoice Assurance, Inc. v. McVeigh, construed the principle announced in Grable narrowly, referring to its holding as establishing a "special and small category" of federal jurisdiction.  547 U.S. 677, 699 (2006).  In this category, federal jurisdiction will stand only when the federal interest at stake is substantial enough to "warrant turning [a state-law claim] into a discrete and costly 'federal case' . . . ."  Id. at 701.  The Court explained, "[I]t takes more than a federal element to open the arising under door."  Id. (internal citation omitted).

2. **Analysis**

To decide the motions for remand, the COURT is called upon to determine whether these cases "arise under" federal law, despite the complaints' invocation of only state-law causes of

5

action.  In other words, the COURT must decide whether these cases fall within the "special and small category" of federal jurisdiction outlined by the Supreme Court in Grable and McVeigh. The COURT holds that they do not.

To establish that Plaintiffs' state-law claims "arise under" federal law, Defendants rely upon the claims for punitive damages, the success of which will turn upon a question of federal law, namely, whether Defendants "knowingly withheld or misrepresented information required to be submitted under the [Food and Drug Administration's] regulations . . . ."  N.J.S.A. § 2a:58C-5(c).  In other words, Plaintiffs will recover punitive damages only if Defendants violated FDA regulations, which is a question of federal law.

This COURT has repeatedly held that a claim for punitive damages that raises a federal question, without more, is not sufficient to establish federal "arising under" jurisdiction. Sullivan v. Novartis Pharm. Corp., 602 F. Supp. 2d 527 (D.N.J. 2009); Sullivan v. Novartis Pharm. Corp., 575 F. Supp. 2d 640 (D.N.J. 2008); Brown v. Organon Int'l Inc., Nos. 07-3092, 07-3456, 08-2021, 2008 WL 2833294 (D.N.J. Jul. 21, 2008); Fields v. Organon USA Inc., No. 07-2922, 2007 WL 4365312 (D.N.J. Dec. 12, 2007); DeAngelo-Shuayto v. Organon USA Inc., No. 07-2923, 2007 WL 4365311 (D.N.J. Dec. 12, 2007); Von Essen v. C.R. Bard, Inc., No. 06-4786, 2007 WL 2086483 (D.N.J. Jun. 18, 2007); In re

6

Aredia and Zometa Prods. Liab. Litig., No. 3:06-MD-1760, 2007 WL 649266 (M.D. Tenn. Feb. 27, 2007). "Each of the cited decisions found that the NJPLA punitive damages claim belongs in state court because its disposition does not require the resolution of any substantial federal issues, or because a finding of federal jurisdiction would upset the federal-state workload balance." Sullivan, 602 F. Supp. 2d at 533 (internal citation omitted) (collecting cases).

In Sullivan, Judge Irenas set forth a number of persuasive reasons why cases such at these do not fall within the narrow Grable exception. Id. at 533-37. Each of those reasons is equally applicable to the cases herein considered, and the COURT adopts them in full. Importantly, although the COURT does not dispute that a federal question may lurk within the punitive damages claim, the COURT doubts that this question is "substantial", such that it would require a sophisticated inquiry into the meaning of FDA regulations. As Judge Irenas explained,

> At present, there is nothing before the Court to suggest that this case will present the legal issues of regulatory interpretation predicted by Defendant. To the contrary, all indications are that the federal aspect of the NJPLA punitive damages claim will depend on a fact-sensitive inquiry into whether material information concerning Elidel was knowingly withheld from, or misrepresented to, the FDA. In the absence of any current indication that this case will require the resolution of disputed federal issues of general application, Grable counsels against the exercise of jurisdiction.

Id. at 535.

The COURT also echoes the concern raised by Judge Irenas about maintaining the proper balance between federal and state forums. State courts are well equipped to address questions of federal law as they arise in the context of state-law claims. See Idaho v. Coeur d'Alene Tribe of Idaho, 521 U.S. 261, 275 (1997) ("While we can assume there is a special role for Article III courts in the interpretation and application of federal law . . . , we do not for that reason conclude that state courts are a less than adequate forum for resolving federal questions."). Federal courts, on the other hand, are ill equipped to handle the flood of cases that would inevitably result from entertaining every case that may, tangentially, require an application of federal law. Grable, 545 U.S. at 319 ("A general rule of exercising federal jurisdiction over state claims resting on federal . . . statutory violations would . . . herald[] a potentially enormous shift of traditionally state cases into federal courts."); Sullivan, 602 F. Supp. 2d at 537 ("[F]ederal jurisdiction over NJPLA punitive damages claims would markedly increase the volume of such cases in federal courts. . . . [T]his Court can discern no congressional intent to open the federal courts to the mass of state actions involving . . . drugs seeking punitive damages under the NJPLA."). Indeed, state courts retain a strong interest in adjudicating cases, such as these, in which state law predominates. Considerations of federalism therefore

weigh heavily in favor of remand.

## Conclusion

For the foregoing reasons, the COURT declines Defendants' invitation to expand its understanding of the "arising under" doctrine of federal question jurisdiction.  Accordingly, **IT IS** on this, the **15th** day of **June 2009**, hereby

**ORDERED** that the motions for remand are **GRANTED;** and it is further

**ORDERED** that the above-captioned cases shall be **REMANDED** to the Superior Court of New Jersey, Atlantic County; and it is finally

**ORDERED** that the CLERK OF THE COURT shall **CLOSE** this file.


    s/Renée Marie Bumb
RENÉE MARIE BUMB
United States District Judge